IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THE LENDEL VINES COMPANY, INC.                                          PLAINTIFF

v.                              CASE NO. 2:07-CV-02027 JLH

LIBERTY MUTUAL INSURANCE COMPANY                            DEFENDANT

**MEMORANDUM BRIEF IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, TO STRIKE JURY DEMAND**

Liberty Mutual Insurance Company ("Defendant"), submits the following memorandum brief in support of Defendant's motion to dismiss amended complaint or, in the alternative, to strike jury demand.

**I.     FACTUAL BACKGROUND**

On May 23, 2007, Defendant removed this action to this Court from the Circuit Court of Crawford County, Arkansas. Plaintiff's state court complaint did not include a jury demand. On May 23, 2007, the Court entered an Order (the "March 23 Order") stating:

> The above style[d] cause was recently removed to this court. Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, the parties are directed to request a trial by jury, if one is desired and allowable by law, within thirteen (13) days of the date of this order. *Failure to do so will constitute a waiver of trial by jury.*

*See* Order Dated March 23, 2007 (Doc. No. 3) (emphasis added). As a result of the March 23 Order, the parties were required to make any request for a trial by jury on or before April 5, 2007.

Plaintiff failed to file a jury demand by April 5, 2007. However, on April 11, 2007, Plaintiff filed an amended complaint that included a jury demand. Plaintiff filed the amended

132630

complaint without requesting leave to amend from the Court as required by Fed. R. Civ. P. 15(a). Plaintiff's amended complaint did not assert new claims or causes of action and did not insert additional parties to the action.

## II. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 15(a).

Plaintiff filed its amended complaint on April 11, 2007, without seeking leave of the Court to file the amendment. Rule 15(a) of the Federal Rules of Civil Procedure states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court* or by written consent of the adverse party; and leave shall be freely given when justice so requires.

*See* Fed. R. Civ. P. 15(a) (emphasis added). See also, Local Rule 5.5(e) ("A party who moves to amend a pleading shall attach a copy of the amendment to the motion.").

Defendant has been prejudiced due to plaintiff's failure to file a motion for leave to amend. Defendant has been deprived of an opportunity to object to the proposed amended complaint for including a jury demand that had been previously waived pursuant to the express terms of the Court's March 23 Order. Plaintiff's amended complaint should be dismissed without prejudice due to plaintiff's failure to comply with Fed. R. Civ. P. 15(a). In addition, the Court should enter an Order stating that plaintiff has waived a trial by jury.

## III. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE THE JURY DEMAND IN THE AMENDED COMPLAINT.

If the Court is not inclined to dismiss plaintiff's amended complaint, then defendant requests that the Court strike the jury demand in paragraph 36 of the amended complaint and enter an Order stating that plaintiff has waived a trial by jury. The March 23 Order specifically

stated that any failure to file a jury demand on or before April 5, 2007, "[would] constitute a waiver of trial by jury." Plaintiff did not file a jury demand on or before April 5, 2007. According to the plain terms of the March 23 Order, plaintiff waived a trial by jury. However, plaintiff has attempted to circumvent the effect of its waiver by inserting a jury demand into an improperly filed amended complaint. If the amended complaint is not dismissed, the Court should strike the jury demand contained in paragraph 36 of the amended complaint and enter an order stating that plaintiff has waived a trial by jury. *See* Fed. R. Civ. P. 12(f).

## IV.   CONCLUSION

Plaintiff's amended complaint was improperly filed without leave from the Court. The amended complaint includes a jury demand even though plaintiff previously waived a trial by jury. Plaintiff's amended complaint should be dismissed without prejudice and the Court should enter an order that plaintiff has waived a trial by jury. In the alternative, the Court should strike the jury demand in paragraph 36 of the amended complaint and enter an order stating that plaintiff has waived a trial by jury.

        David B. Vandergriff
        CROSS, GUNTER, WITHERSPOON
          & GALCHUS, P.C.
        5401 Rogers Avenue, Suite 200
        Fort Smith, Arkansas 72903
        Tel: (479) 783-8200
        Fax: (479) 783-8265
        dbv@cgwg.com

        Reed R. Edwards
        CROSS, GUNTER, WITHERSPOON
          & GALCHUS, P.C.
        101 West Mountain, Suite 200
        Fayetteville, Arkansas 72701
        Tel: (479) 443-6978
        Fax: (479) 443-7697


        By: /s/ Reed R. Edwards_____
            Reed R. Edwards, Ark. Bar No. 96196
            redwards@cgwg.com

*Attorneys for Liberty Mutual Insurance Company*


## CERTIFICATE OF SERVICE

    I hereby certify that on April 24, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    J.R. Carroll
    jrcarroll@daviswrightlaw.com

        /s/ Reed R. Edwards_____
        Reed R. Edwards