IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**THE LENDEL VINES COMPANY, INC.**                                                          **PLAINTIFF**

V.                                            CASE NO.:<u>07-cv-2027</u>

**LIBERTY MUTUAL INSURANCE CO.**                                                        **DEFENDANT**

<u>BRIEF IN SUPPORT OF RESPONSE TO MOTION TO DISMISS AMENDED
COMPLAINT OR IN ALTERNATIVE, MOTION TO STRIKE JURY DEMAND</u>

On March 23, 2007, Liberty Mutual filed a notice of removal with this Court. On April 6, 2007, the defendant filed an Answer to the plaintiff's Complaint which was filed in the Circuit Court of Crawford County, Arkansas. As of the date of this filing, the defendant has neither requested a Rule 26(f) conference nor attempted to propound any discovery upon the plaintiff. The defendant cannot provide this Court with any evidence of prejudice by allowing the plaintiff to amend its Complaint and request a jury trial this early in the litigation.

What Liberty Mutual's Motion and Brief in Support do prove is that they have not been prejudiced by the plaintiff's Amended Complaint and request for a jury trial. Amendments to pleadings should be allowed *with liberality*. *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2006)(emphasis added). However, there is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility. *Id*. The parties should usually be given at least one chance to amend their complaint. *Carter v. United States*, 123 Fed. Appx. 253, 259 (8th Cir. 2005)(Court ruling that district court abused its discretion). The Carter Court opined that the Court "prefer[s] to have claims decided on the merits *rather than on the pleadings*." *Id*. (emphasis added).

1

The plaintiff is hard pressed to determine how Liberty Mutual would be prejudiced by the plaintiff filing an Amended Complaint three (3) business days after the defendant's first responsive pleading. Moreover, there is no evidence of undue delay, bad faith, or dilatory motive on the part of the plaintiff. The plaintiff simply Amended its Complaint to better define its causes of action.

Liberty Mutual's pleadings are an exercise in contradiction, its Brief in Support states that it was prejudiced by the plaintiff filing its Amended Complaint without leave of the Court, and that Liberty Mutual was prejudiced by the plaintiff because it prevented the defendant from objecting to the filing of the Amended Complaint. However, Liberty Mutual alleges in its Motion that the Amended Complaint does "not assert new claims or causes of action and did not insert additional parties to the action." Consequently, when the Motion and Brief in Support are read together, Liberty Mutual requests permission from this Court to object to an Amended Complaint that (by Liberty's own pleadings) does not assert any new claims or causes of action from the original Complaint which was responded to by the defendants three business days before the Amended Complaint was filed.

Liberty Mutual is correct in that the plaintiff did not file a Motion with the Court for Leave to file its Amended Complaint, however, the plaintiff has filed that Motion and it is currently pending before the Court. Any prohibitive basis for the Federal Rules regarding amending pleadings and requests for a jury determination due not apply in this situation. The plaintiff did not unduly delay its filing of an Amended Complaint or request for a jury trial. Liberty Mutual cannot provide this Court with one scintilla of evidence that would provide the basis for the argument that the defendant has somehow been prejudiced by the plaintiff's Amended Complaint or request for a jury trial.

Under Arkansas law, "the right to a jury trial shall remain inviolate*." Advocat, Inc. v. Sauer*,

353 Ark. 29; 111 S.W.3d 346 (2003). There are three main factors why the Liberty Mutual's Motion should be dismissed in its entirety. First, the historical significance of the right to a jury trial. Second, the liberal rules regarding a party's right to amend its pleadings. Lastly, Liberty Mutual cannot show any prejudice on its part by the Court allowing the plaintiff to Amend its Complaint. This cause of action is in the earliest stages of litigation and to take away the plaintiff's right to a jury trial in the earliest stages of these proceedings would unduly prejudice Lendel Vines.

WHEREFORE, Plaintiff, Lendel Vines, Inc. prays for that the defendant's, Liberty Mutual Insurance Company, Motion to Dismiss Amended Complaint or, in the Alternative, to Strike Jury Demand be dismissed, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ J.R. Carroll
J.R. Carroll          #2003149
DAVIS, WRIGHT, CLARK, BUTT
  & CARITHERS, PLC
P.O. Box 1688
19 E. Mountain Street
Fayetteville, AR 72702-1688
(479) 521-7600
jrcarroll@daviswrightlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following: Reed R. Edwards and David B. Vandergriff.

By: /s/ J.R. Carroll