IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THE LENDEL VINES COMPANY, INC.                                          PLAINTIFF

v.                              CASE NO. 2:07-CV-02027 JLH

LIBERTY MUTUAL INSURANCE COMPANY                                   DEFENDANT

**RESPONSE IN OPPOSITION TO MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

Liberty Mutual Insurance Company ("defendant") submits the following response in opposition to motion for leave to file amended complaint.

**I.      INTRODUCTION**

On April 24, 2007, defendant filed a motion to dismiss plaintiff's amended complaint or in the alternative to strike jury demand in plaintiff's amended complaint. The motion to dismiss involved two main issues. First, plaintiff filed the amended complaint without requesting leave from the Court. Second, the improperly filed amended complaint included a request for a jury trial that had been previously waived pursuant to the express terms of the Court's Order dated March 23, 2007 (the "March 23 Order"). Plaintiff has now filed a motion for leave to amend in an attempt to comply with the requirements of Fed. R. Civ. P. 15. As with the improperly filed amended complaint, the proposed amended complaint attached to plaintiff's motion includes a waived jury demand. Plaintiff's motion should be denied.[1]

---

[1]      Defendant has no objection to plaintiff's request for leave to amend to the extent plaintiff seeks to "clearly define its causes of action…." *See* plaintiff's motion at ¶ 3. However, defendant does object to the request for leave to amend to the extent it seeks leave to file an amended complaint that includes a waived jury demand. The purpose for defendant's statement in its motion to dismiss that the improperly filed amended complaint "did not assert new claims or causes of action" was to foreclose any argument that the amended complaint somehow "revived" the waived right to a jury trial.

II. **PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED TO THE EXTENT PLAINTIFF SEEKS TO FILE AN AMENDED COMPLAINT THAT INCLUDES A WAIVED JURY DEMAND.**

On May 23, 2007, Defendant removed this action to this Court from the Circuit Court of Crawford County, Arkansas. Plaintiff's state court complaint did not include a jury demand. On May 23, 2007, the Court entered an Order (the "March 23 Order") stating:

> The above style[d] cause was recently removed to this court. Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, the parties are directed to request a trial by jury, if one is desired and allowable by law, within thirteen (13) days of the date of this order. ***Failure to do so will constitute a waiver of trial by jury.***

*See* Order Dated March 23, 2007 (Doc. No. 3) (emphasis added). As a result of the March 23 Order, the parties were required to make any request for a trial by jury on or before April 5, 2007. Plaintiff failed to file a jury demand by April 5, 2007. Pursuant to the express terms of the March 23 Order, plaintiff waived its right to a jury trial.

Plaintiff's response to defendant's motion to dismiss (which is directly related to the issues presented in the present motion) reflects a misunderstanding of the substantive requirements for making a jury demand in a removed case. The rule which governs jury demands for removed actions is Fed R. Civ. P. 81(c), which provides:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. ***The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury.***

2

*See* Fed.. R. Civ. P. 81(c) (emphasis added).  Plaintiff did not file a jury demand within 10 days after the petition for removal.  *Id*.  However, Rule 81(c) states that the Court may direct the parties to file a jury demand within a specified time.  In this instance, the Court's March 23 Order directed that parties to file a jury demand by April 5, 2007.  Plaintiff failed "to make a demand as directed."  *See* Fed. R. Civ. P. 81(c).  Pursuant to the express terms of Rule 81(c) and the March 23 Order, plaintiff's failure to file a timely jury demand constituted a waiver of trial by jury.

Courts have long recognized that the right to a jury trial may be waived.  "The waiver need not be knowing and intelligent in order to be effective; the right may be waived by the mere 'failure to comply with reasonable rules,' even if that failure is unintentional."  *Hiotis v. Sherman Distributors of Maryland, Inc*., 607 F.Supp. 217, 219 (D.C.D.C.1984) (citing *Kass v. Baskin*, 164 F.2d 513, 515 (D.C.Cir.1947)).  Rule 38, which governs non-removed actions, "proceed[s] on the basic premise that a jury trial is waived unless a *timely* demand is filed," *Cascone v. Ortho Pharmaceutical Corp*., 702 F.2d 389, 391 (2d Cir.1983) (emphasis added).  The test of waiver that is applied to other constitutional rights, that there must have been "an intentional relinquishment or abandonment of a known right or privilege," is not applicable to the right of trial by jury.  *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 101 (1971) (footnotes omitted).  Thus, a "[w]aiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse."  *Id*. at 102.

The case law is replete with examples of cases where untimely jury demands resulted in the waiver of a right to a jury trial.  See *Bruns v. Amana*, 131 F.3d 761 (8th Cir. 1997) (Finding untimely jury demand in removed case to constitute a waiver of the right to a trial by jury.); *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d

3

866 (5th Cir. 1991), *reh'g denied,* 931 F.2d 892, *cert. denied,* 502 U.S. 866 (Finding that where plaintiff did not demand jury trial within ten days after service of defendants' notice of filing of removal petition, plaintiff waived his right to jury.). Courts strictly apply the time requirements for a jury demand, even in cases involving *pro se* litigants:

> We are unpersuaded by Washington's argument that the application of Rule 38 [governing jury demands in non-removed cases] to a *pro se* litigant is unfair "absent some notification of its operation."….The operation of the Rule imposes no greater burden on *pro se* litigants than on represented litigants, as the unintentional or unknowing failures of all litigants to comply with Rule 38 are dealt with equally. Thus, we have concluded that there was waiver where the party's attorney wrongly believed that a timely demand had been made, *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967), and where the attorney's failure to make a timely demand resulted from the removal of the case from state court, where a written request was not required, to federal court where the different procedure of Rule 38 applied, *Galella v. Onassis*, 487 F.2d 986, 996-97 (2d Cir.1973). The same rule of waiver has been applied to *pro se* litigants. *See Scharnhorst v. Independent School District*, 686 F.2d 637, 641 (8th Cir.1982); *McCray v. Burrell*, 516 F.2d 357, 371 (4th Cir.1975) (*en banc*), *cert. dismissed*, 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976).

*See Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 797-798 (2nd Cir.1983).

In sum, Plaintiff's waiver of a jury trial was complete as of April 6, 2007. *See* the Court's March 23 Order ("Failure to do so *will constitute* a waiver of trial by jury."). Plaintiff has offered no factual explanation for its failure to make a timely jury demand. Further, plaintiff has not offered any valid legal basis to relieve plaintiff from the effect of the unequivocal waiver. Arkansas law regarding the right to a jury trial has no application in a case removed to federal court, which is governed from the date of removal by the Federal Rules of Civil Procedure. Further, plaintiff's complaint that its right to a jury trial is somehow being "taken away" is merely smoke and mirrors to obscure the real issue: plaintiff's own failure to *properly invoke* the right to a jury trial. In this instance, the Court's March 23 Order set a firm deadline to request a trial by jury. Plaintiff failed to meet that deadline. Pursuant to Rule 81(c), plaintiff's right to a trial by jury has been waived.

### III.   CONCLUSION

Pursuant to the Court's March 23 Order and Fed. R. Civ. P. 81(c), plaintiff's right to a trial by jury has been waived.  Plaintiff's motion for leave to file amended complaint should be denied..

        David B. Vandergriff
        CROSS, GUNTER, WITHERSPOON
          & GALCHUS, P.C.
        5401 Rogers Avenue, Suite 200
        Fort Smith, Arkansas 72903
        Tel: (479) 783-8200
        Fax: (479) 783-8265
        dbv@cgwg.com

        Reed R. Edwards
        CROSS, GUNTER, WITHERSPOON
          & GALCHUS, P.C.
        101 West Mountain, Suite 200
        Fayetteville, Arkansas 72701
        Tel: (479) 443-6978
        Fax: (479) 443-7697

By: /s/ Reed R. Edwards_____
      Reed R. Edwards, Ark. Bar No. 96196
      redwards@cgwg.com

*Attorneys for Liberty Mutual Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    J.R. Carroll
    jrcarroll@daviswrightlaw.com

            /s/ Reed R. Edwards_____
            Reed R. Edwards