## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

THE LENDEL VINES COMPANY, INC.                                                    PLAINTIFF

v.                                            CASE NO.: 07-cv-2027

LIBERTY MUTUAL INSURANCE CO.                                                      DEFENDANT

### REPLY TO OBJECTION TO MOTION FOR
### LEAVE TO FILE AMENDED COMPLAINT

The Lendel Vines Company, Inc. ("Lendel Vines"), submits this Reply Brief in support of its Motion for Leave to File an Amended Complaint.

Liberty Mutual objects to Lendel Vines' Motion to Amend on the sole basis that they do not want this matter presented to a jury. Liberty Mutual cannot show any prejudice or one iota of harm that would be created if this Court were to grant Lendel Vines' request for a jury trial at the very earliest stages of this litigation. It is undisputed that the plaintiff is not creating a new cause of action. It is also undisputed that this matter is so early in the litigation that the defendant has neither attempted to propound discovery upon the plaintiff nor attempted a Rule 26(f) conference.

The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate. Fed. R. Civ. P. 38(a). Fed. R. Civ. P. 39(b) is clear that a Rule 38(d) waiver is not absolute. *Hiotis v. Sherman Distributors of Maryland, Inc.*, 607 F.Supp. 217 (D.C. Cir. 1984). Rule 39(b) provides that notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by a jury of any or all issues. *Id*. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that **any seeming curtailment** of the right to a jury

trial **should be scrutinized with the utmost care**." *Beacon Theatres, Inc. V. Westover*, 359 U. S. 500, 501, 79 S.Ct. 948 (1959)(citing *Dimick v. Schiedt*, 293 U.S. 474 (1935) (emphasis added). The *Schiedt* Court stated that a "trial by jury has always been, and still is, generally regarded as the normal and preferable mode of disposing of issues of fact in civil cases at law." *Dimick v. Schiedt*, 293 U.S. 474, 485 (1935).

The first case cited by the defendant in opposition of a jury trial is *Hiotis v. Sherman Distributors of Maryland, Inc.*, 607 F.Supp. 217 (D.C. Cir. 1984). What is so interesting about this fact is that the Court in *Hiotis v. Sherman* ruled that in almost the exact same factual situation as presently before this Court that the plaintiff was entitled to a jury trial. Moreover, the Court stated that "it is well established that a district court should grant a Rule 39(b) motion **in the absence of strong and compelling reasons to the contrary**. *Hiotis v. Sherman Distributors of Maryland, Inc.*, 607 F.Supp. 217, 220 (D.C.D.C. 1984). The Court further stated that "a motion for trial by jury submitted under Rule 39(b) should be favorably considered unless there are persuasive reasons to deny it." Id. (citing *Pinemont Bank v. Belk*, 722 F.2d 232 (5th Cir. 1984)).

In deciding whether to grant an untimely jury demand, the Court may consider all elements pertinent to the interests of both parties, including the nature of the issues presented, the disruption of the Court's schedule, prejudice to the opposing party, and the reasons for the tardiness in requesting a jury trial. *Id*. (citing *Kass v. Baskin,* U. S. App. D.C. 385, 164 F.2d 513, 515 (D.C. Cir. 1947). To understand how the case cited by the defendant is on four corners with the current litigation the review of the facts and how they apply in determining whether a District Court should grant a party's request for a jury trial after the time in which to do so has expired, the Court's opinion is quoted as follows:

> "The particular factual situation presented in this case appears to have presented no persuasive reasons to deny the 39(b) motion. This is a personal injury case, a class of cases which is traditionally tried by a jury. In addition, the trial in this case is not until December 10, 1984, which is almost three months away. Scheduling the case for jury trial at this point would not disrupt the court's schedule. Moreover, the parties to this action are still in the discovery stages so that granting the motion at this point will not prejudice the defendant. Although counsel for the plaintiff admits that inadvertence on his part was the reason for the delay in making a proper and timely demand for jury trial, the court finds that this inadvertence was not the result of careless neglect. Further, the instant motion was filed on June 27, 1984, just five days after counsel for the plaintiff discovered the omission and five and a half months prior to the scheduled trial date. For all of the foregoing reasons, the court finds that this case presents a situation justifying relief under Rule 39(b)."

*Hiotis v. Sherman Distributors of Maryland, Inc.*, 607 F.Supp. 217, 220 (D.C.D.C. 1984)

If you apply the above-mentioned elements to the current litigation, this matter is in a much earlier stage of the litigation than the factual situation found in *Hiotis v. Sherman Distributors of Maryland, Inc.* In the instant situation, the defendants have neither attempted to propound discovery upon the plaintiff nor attempted to schedule a Rule 26(f) conference. As for the reason for the delay, a secretarial error caused an extremely rough draft of Lendel Vines' Complaint to be originally filed in the Circuit Court of Crawford County, Arkansas. A quick review of the Complaint establishes that the document that was filed was not in its final format, however, plaintiff's counsel was unaware that the original Complaint did not have a standard request for a jury trial. This omission was corrected as soon as possible, and was filed three business days after the defendant's first responsive pleading. The defendant has filed numerous pleadings with regard to this matter and has had ample opportunity to express to this Court any prejudice that has or may occur to the defendant if the Court were to grant the plaintiff's request for a jury demand. The reason they have failed to do so is because this request has occurred so early in the stages of this litigation that the defendant will not

3

be prejudiced. The very case law cited by the defendant states that the plaintiff should be granted a jury trial.

The Supreme Court of the United States opined that the right to a jury trial is "the most transcendent privilege which any subject can enjoy." *Dimick v. Schiedt*, 293 U.S. 474 (1935). This is the very reason why a Rule 38(d) waiver is not absolute, and notwithstanding the failure of a party to demand a jury this Court in its discretion may order a trial by a jury of any or all issues. This Court has the ability to determine whether the omission for a request for a jury trial was deliberate and whether this action will in anyway hinder the litigation or the defendant's ability to defend the litigation. Common sense dictates that this request, although untimely, will not disrupt the Court's schedule or prejudice the opposing party in anyway. For the foregoing reasons, case law, and facts, the plaintiff respectfully requests that its Motion to file an Amended Complaint be granted.

WHEREFORE, the Plaintiff, The Lendel Vines Company, Inc., prays that it be granted leave to file an Amended Complaint in this action, and for all other proper relief.

Respectfully Submitted,

By: /s/ J.R. Carroll
J.R. Carroll    #2003149
DAVIS, WRIGHT, CLARK, BUTT
    & CARITHERS, PLC
P.O. Box 1688
19 E. Mountain Street
Fayetteville, AR 72702-1688
(479) 521-7600
jrcarroll@daviswrightlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 26, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Reed R. Edwards
David B. Vandergriff

      By:   /s/  J.R. Carroll
          J.R. Carroll      #2003149
          DAVIS, WRIGHT, CLARK, BUTT
             & CARITHERS, PLC
          P.O. Box 1688
          19 E. Mountain Street
          Fayetteville, AR 72702-1688
          (479) 521-7600
          jrcarroll@daviswrightlaw.com

          **ATTORNEYS FOR PLAINTIFF**