```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

**THE LENDEL VINES COMPANY, INC.**                                    PLAINTIFF

       v.             Civil No. 07-2027

**LIBERTY MUTUAL INSURANCE COMPANY**                                   DEFENDANT

### O R D E R

    Now on this 2nd day of May, 2007, come on for consideration the following motions:

* defendant's **Motion To Dismiss Amended Complaint Or, In The Alternative, To Strike Jury Demand** (document #10);

* plaintiff's **Motion For Leave To File Amended Complaint** (document #12); and

* plaintiff's **Motion Requesting A Jury Trial** (document #16),

and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.   The issues on all three pending motions have to do with whether or not plaintiff is entitled to a jury trial in this diversity breach of contract case. The events leading up to the motions are as follows:

    Plaintiff filed its initial Complaint in the Circuit Court of Crawford County, Arkansas, on February 12, 2007. Jury trial was not requested in that Complaint.

    Defendant removed the matter on March 23, 2007.

    On March 23, 2007, a Clerk's Order issued which directed the

parties to request a jury trial, if desired and allowable by law, within thirteen days.

On April 6, 2007, with no jury having been requested by plaintiff, defendant filed its Answer.  Defendant did not request a jury.

On April 11, 2007, without seeking leave of Court to amend, plaintiff filed an Amended Complaint which requested trial by jury.

2.   Defendant's motions point out that plaintiff waived its right to jury trial by failing to timely request a jury, pursuant to **F.R.C.P. 38**, and failed to request leave of court before seeking to amend a pleading after a responsive pleading had been filed, in violation of **F.R.C.P. 15(a)**.

Plaintiff counters that its waiver is not absolute.  **F.R.C.P. 39(b)** provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion may order a trial by a jury of any or all issues."

3.   As pointed out in **Littlefield v. Fort Dodge Messenger, 614 F.2d 581, 585 (8th Cir. 1990)**, "jury trials ought to be liberally granted when no prejudice results."  This case is in its earliest stages of development -- the Rule 26(f) conference has not even been held.  The Court perceives no possible prejudice to defendant by allowing the jury demand, nor does defendant suggest

how the exercise of such discretion might prejudice it.  The Court will, therefore, allow the request for trial by jury, and the motions will be disposed of accordingly.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss Amended Complaint Or, In The Alternative, To Strike Jury Demand** (document #10) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Leave To File Amended Complaint** (document #12) is **granted.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion Requesting A Jury Trial** (document #16) is **granted.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**